

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

CHRISTOPHER J. CHRISTIE
*United States Attorney*

KEVIN T. SMITH
*Senior Litigation Counsel*
*Assistant U.S. Attorney*

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE    856/757-5026
401 Market Street, 4th Floor                                ext. 4928
Post Office Box 2098
Camden, New Jersey 08101                        FAX: 856/968-4917

Email: Kevin.Smith5@usdoj.gov

September 4, 2007

KTS:MOB Boys\Defendants\Smith, Steven
Plea Agreement 2A (smith, s)
2006R00631

Brian S. O'Malley, Esq.
607 White Horse Pike
Haddon Heights, New Jersey 08035

    Re:    <u>Plea Agreement with Steven Smith</u>

Dear Mr. O'Malley:

    This letter sets forth the plea agreement between your client, Steven Smith, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Steven Smith to a one-count Superseding Information, which charges conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. If Steven Smith enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Steven Smith for his participation in the cocaine and crack cocaine distribution conspiracy between January 1998 and May 2006, as more fully described in the Indictment, Criminal No. 06-449 (FLW). In addition, if Steven Smith fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 1 and 67-75 of the Superseding Indictment, Criminal No. 06-449 (FLW), against Steven Smith. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Steven Smith may be commenced against him, notwithstanding the expiration of the limitations period after Steven Smith signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 as charged in the Superseding Information to which Steven Smith agrees to plead guilty carries a statutory mandatory minimum sentencing of 5 years imprisonment, and a statutory maximum prison sentence of 40 years in prison, and a statutory maximum fine equal to the greatest of: (1) $2,000,000 or (2) twice the gross profits or other proceeds to Steven Smith. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Steven Smith is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Steven Smith ultimately will receive.

Further, in addition to imposing any other penalty on Steven Smith, the sentencing judge: (1) will order Steven Smith to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Steven Smith to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Steven Smith, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may deny Steven Smith certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841, must require Steven Smith to serve a term of supervised release of at least 4 years, which will begin at the expiration of any term of imprisonment imposed. Should Steven Smith be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Steven Smith may be sentenced to not more than 3 years imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Steven Smith by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Steven Smith's activities and relevant conduct with respect to this case.

Stipulations

This Office and Steven Smith agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Steven Smith from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Steven Smith waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Steven Smith. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Steven Smith.

3

No Other Promises

This agreement constitutes the plea agreement between Steven Smith and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

KEVIN T. SMITH
Senior Litigation Counsel

JASON M. RICHARDSON
Assistant U.S. Attorneys

APPROVED:

NORMAN GROSS, AUSA     (KTS)
Attorney-in-Charge, Camden

4

I have received this letter from my attorney, Brian S. O'Malley, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_/s/ Stephen Smith_____    Date: __9/7/07__
STEVEN SMITH

_/s/ Brian S. O'Malley_____    Date: __9/7/07__
BRIAN S. O'MALLEY, ESQ.

## PLEA AGREEMENT WITH STEVEN SMITH

### Schedule A

1. This Office and Steven Smith agree to stipulate to the following facts:

   a. The parties agree that the quantity of cocaine powder which was supplied to Steven Smith by Rashad Smith and others over the life of the conspiracy for which Steven Smith is responsible as a member of the conspiracy charged in Count 1 of the Superseding Indictment is at least 3.5 kilograms but less than 5 kilograms.

   b. Steven Smith agrees that Kareem James and Izeem Coleman brought him cocaine on behalf of Rashad Smith on various occasions during the conspiracy.

   c. Steven Smith agrees that he then sold cocaine in $20 bags to his own customers in the Camden, New Jersey.

   d. Steven Smith has accepted responsibility for the offense and has done so before the Government began intensive trial preparations.

2. If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.